IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONEISHA L. SHERROD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION No. 4:17-cv-00758-O |
| UNITED WAY OF TARRANT | § | |
| COUNTY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S TRIAL WITNESS LIST

TO THE HONORABLE REED O'CONNOR:

Plaintiff Coneisha Sherrod ("Sherrod") designates the following persons as

witnesses who may be called at trial, of which the only witness deposed is Coneisha

Sherrod:[1]

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| **Probable Witnesses** | | |
| **Beverly Boyd (Executive Assistant at United Way)**<br><br>5140 Azul Lane<br>Crowley, TX 76036<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Marilyn Jones's complaints and investigation; complaints made against Finance Department, including hers: meeting appointments with executives; communications with Sherrod and executives regarding meetings; board minutes; United Way's treatment of employees; her negotiation to stay rather than | | |

---

[1] Witnesses concerning attorneys' fees are omitted pending a finding of liability. Michael Price, Tim McKinney, and T.D. Smyers were deposed in Mr. Price's case against United Way of Tarrant County.

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| take a severance; the person who replaced Sherrod, including race. | | |
| **Christopher Brown (Prior IT Generalist at United Way)**<br><br>1000 Yaden Avenue<br>Burleson, TX 76028<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; financial condition of United Way, including rise and decline in giving and budget issues; United Way IT policy and procedures; IT best practices; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; racial emails by McKinney; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Emilio Castrellon (Prior HR Generalist/Assistant at United Way)**<br><br>4409 Pleasant St.<br>Fort Worth, TX 76115<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; discrimination and retaliation; United Way policy and procedures; United Way HR best practices; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; reorganization; the qualification and performance of the person who replaced Sherrod, including race; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Nedra Ervin (Friend)**<br><br>511 Corbin Drive<br>Arlington, TX 76002<br><br>Expected Duration: 10 Minutes<br><br>Witness's background and relationship to Sherrod; and observation of changes in Sherrod's life before, during, and after the discrimination and retaliation, including mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience. | | |
| **Beth Jones (Prior Consultant for United Way)**<br><br>8528 Davis Blvd, #134-204<br>North Richland Hills, TX 76182<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; communications with Sherrod, Cassie McQuitty, Marilyn Jones, Brandon Booker, Michael Price, TD Smyers, and Tim McKinney; signs and dangers of discrimination and retaliation; training and development; executive consultation; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Marilyn Jones (Prior Executive VP at United Way)**<br><br>8953 Waterchase Circle E<br>Fort Worth, TX 76120<br><br>Expected Duration: 1 hour and 30 minutes | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; United Way board policy and procedures; bylaws; hiring process of the COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; United Way best practices; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Community Development and Finance Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; reorganization; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Melanie Lennear (Friend)**<br><br>2718 Carriage Hollow Lane<br>Katy, TX 77459<br><br>Expected Duration: 10 minutes<br><br>Witness's background and relationship to Sherrod; and observation of changes in Sherrod's life before, during, and after the discrimination and retaliation, including mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience. | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| **Nita Matkin (Prior VP at United Way)**<br><br>1039 Caliente Dr<br>Grand Prairie, TX 75051<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Timothy McKinney (Prior President and CEO at United Way)**<br><br>1509 Northcrest Ct<br>Fort Worth, TX  76107-3220<br><br>Expected Duration: 1 hour and 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; hiring process of the COO, bonus, and CEO replacement position; salary freeze and Tim accepting a raise during salary freeze; salary freeze notifications to partner agency | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| executives; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; relationship with vendors and auditors; 457 Rabbi Trust; terminations of employment; United Way policy and procedures; best practices; United Way board policy and procedures; board bylaws; discrimination and retaliation against M. Jones, including statement that if M. Jones filed a lawsuit it would be the kiss of death for her employment, and his discussion of misrepresenting the first settlement with M. Jones; investigation of resolution of M. Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives, including meetings with Sherrod, Smyers, board members, and others; reorganization; meetings with the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; racial emails and posts; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Samiyyah Middleton (Friend)**<br>6817 Ashbury Drive<br>Fort Worth, TX 76133<br><br>Expected Duration: 10 minutes<br><br>Witness's background and relationship to Sherrod; and observation of changes in Sherrod's life before, during, and after the discrimination and retaliation, including mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience. | | |
| **Kimberly Milligan-Matthews (Friend)**<br><br>1733 Belltower<br>Lewisville,TX 75067<br><br>Expected Duration: 10 minutes<br><br>Witness's background and relationship to Sherrod; and observation of changes in Sherrod's life before, during, and after the | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| discrimination and retaliation, including mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience. | | |
| **Anita Moody (Prior Account at United Way)**<br><br>8661 Funtier Ct<br>Fort Worth, TX 76179<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; treatment of employees by United Way of Tarrant County; complaints and investigations of her complaints against United Way; Smyer's investigation of her and other's complaints; knowledge of Finance department conditions, management and treatment of staff; knowledge of who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Michael Price (Prior Chief Information Officer at United Way)**<br><br>PO Box 25053<br>Fort Worth, TX  76124<br><br>Expected Duration: 1 hour and 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; hiring process of the COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; 457 Rabbi Trust; United Way policy and procedures; United Way board policy and procedures; bylaws;  best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails by Tim  McKinney and retaliation tweet by Smyers; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; discrimination and retaliation against Price; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Coneisha Sherrod (Prior VP, Human Resources at United Way)**<br><br>6420 Rivertrail Cir.,<br>No. 120<br>Arlington, TX 76001<br><br>Expected Duration: 3 hours<br><br>All events, claims, and damages in the pleadings. Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; hiring process of the COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails by Tim McKinney and retaliation tweet by Smyers; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; discrimination and retaliation against Price; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Tracy Smyers (President and CEO at United Way)**<br><br>1500 N. Main Street, Suite 200<br>Fort Worth, TX  76164-0448<br><br>Expected Duration: 2 hours<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| donors; United Way board policy and procedures; bylaws; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; staff compensation; Form 990's; audits; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race and pay; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; retaliation tweet by Smyers, treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Possible Witnesses** | | |
| **Jayde Ashford-Brown (Prior Attorney at Ogletree Deakin)** <br><br> 1445 Ross Ave., Suite 3700 <br> Dallas, TX 75201 <br><br> Expected Duration: 15 minutes <br> Witness's background, position, and relationship to United Way; knowledge of investigations of complaints against United Way; best practices; and communications with Sherrod re investigations. | | |
| **Brandon Booker (Prior CFO at United Way)** <br> 5424 Glen Canyon Road <br> Fort Worth, TX 76137 <br><br> Expected Duration: 30 minutes <br><br> Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; 457 Rabbi Trust; relationship with vendors and auditors; terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Earnest Boone (Board Member at United Way)**<br><br>3921 Hilldale Road<br>Fort Worth, TX 76119<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; meeting with Sherrod, Ramos, and Price about complaints and concerns; contacts by United Way lawyers; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way board policy and procedures; bylaws; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints, Ramos's complaint, and those in the Finance Department; hiring process of the COO, bonus, and CEO replacement position; salary freeze; communications with donors; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; United Way policy and procedures; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. |  |  |
| **Kevin Buehler (Prior Board Chair at United Way)**<br>4709 Santa Cova Court<br>Fort Worth, TX 76126<br><br>Expected Duration: 1 hour<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of M. Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including |  |  |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails by McKinney and retaliation tweet by Smyers; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Brandy Chambers (3rd Party Investigator hired by United Way)**<br><br>P.O. Box 550663<br>Dallas, TX 75335<br><br>Expected Duration: 1 hour<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; United Way policy and procedures; investigation of discrimination and retaliation against Jones; resolution of Jones's complaints; and best practices. | | |
| **Riz Chand (Board Chair at United Way)**<br><br>2650 Lou Merk Drive<br>Fort Worth, TX  76131<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; board bylaws and policies; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails sent by McKinney and retaliation posts by Smyers; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Benton Clark (Prior CFO at United Way)**<br><br>3209 Bridlegate Drive<br>Arlington, TX 76016<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; board bylaws, policies and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; 457 Rabbi Trust; relationship with vendors and auditors; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **David Frederick (Prior Executive at United Way)**<br><br>3632 Sable Ridge Drive<br>Dallas, TX 75287<br><br>Expected Duration: 1 hour<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; relationship with vendors and auditors; terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Brian Gutierrez (Board Member at United Way)**<br><br>PO Box 297041<br>Fort Worth, TX 76129<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; board bylaws, policies and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; 457 Rabbi Trust; relationship with vendors and auditors; terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| **Darryl Hammler (Family Member)**<br>7340 Martha Lane<br>Fort Worth, TX 76112<br><br>Expected Duration: 10 minutes<br><br>Witness's background and relationship to Sherrod; and observation of changes in Sherrod's life before, during, and after the discrimination and retaliation, including mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience. | | |
| **Leslie Hunt  (Attorney of United Way)**<br><br>801 Cherry St. Suite 2000 unit 46<br>Fort Worth, TX 76102<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; pattern of United Way of discrimination and retaliation; United Way policy and procedures; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; communications with Sherrod about Jones complaint and lawsuit; concerns about Sherrod as a witness in Jones's case; statements by McKinney about kiss of death of Marilyn Jones employment; misrepresentation of settlement with Jones; communications with executives and board members about Jones and Sherrod; resolution of Jones's claims. | | |
| **Leah King (COO at United Way)**<br><br>2617 Museum Way<br>Fort Worth, TX  76107<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; communications with donors; financial condition of United Way, including decline in giving and budget issues; net worth of United Way; Form 990's; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim. | | |
| **Cheryl Lopez (Compensation Analysis Consultant, The Whitney Smith Company)**<br><br>301 Commerce St. #1950<br>Fort Worth, TX  76102<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; communications with Sherrod, Brandon Booker, Benton Clark, TD Smyers, and Tim McKinney; signs and dangers of discrimination and retaliation; best practices, and compensation issues related to Jones and Smyers; compensation analysis; | | |
| **Chuck Milligan (Attorney for United Way and Board Member)**<br><br>801 Cherry St. Suite 2000 Unit 46<br>Fort Worth, TX  76102<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; pattern of United Way of discrimination and retaliation; United Way policy and procedures; board bylaws, policies and procedures; complaints made and investigated, including Marilyn Jones's complaints and those in the | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Finance Department; communications with Sherrod about Jones complaint and lawsuit; concerns about Sherrod as a witness in Jones's case; statements made by McKinney about kiss of death of Marilyn Jones employment; misrepresentation of settlement with Jones; communications with executives and board members about Jones and Sherrod; resolution of Jones's claims. | | |
| **Vicki Mize (Prior 211 Director at United Way)**<br><br>6207 Meadowedge Rd<br>Arlington, TX  76001<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; best practices; disparaging comments made by McKinney about Sherrod; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; downsizing, layoff, 2-1-1; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| **Amy Netherland (Accountant at United Way)**<br><br>805 Redbud St<br>Crowley, TX<br>76036<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; treatment of employees by United Way of Tarrant County; complaints and investigations of her complaints against United Way; Smyer's investigation of her and other's complaints; knowledge of who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; compensation, payroll; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Britton Pavlic (Prior Controller at United Way)**<br>4801 Harlan Ave.<br>Fort Worth, TX 76132<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; 457 Rabbi Trust; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| relationship with vendors and auditors; terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Kate Perry (Prior Sr. Accountant at United Way)**<br><br>3405 Palomino Drive<br>Arlington, TX<br>76017<br><br>Expected Duration: 30 minutes<br><br>United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against M. Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; audits; 457 Rabbi Trust; relationship with vendors and auditors; terminations of employment; payroll; compensation and bonuses; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; best practices; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| discrimination and retaliation by United Way against Sherrod; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Pauline Ramos (Prior Vice President of Labor at United Way)**<br><br>5632 Wedgworth Road<br>Fort Worth, TX  76133<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Whitney Smith (Owner of The Whitney Smith Company)**<br>301 Commerce St. #1950<br>Fort Worth, TX  76102<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| management skills; communications with Sherrod, Marilyn Jones, Brandon Booker, Michael Price, TD Smyers, and Tim McKinney; signs and dangers of discrimination and retaliation; best practices, and compensation issues related to Jones and Smyers. | | |
| **Dawn Snow-Anderson (Account Payable/Accountant at United Way)**<br><br>697 White Marlin Dr<br>Burleson, TX  76028<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; treatment of employees by United Way of Tarrant County; complaints and investigations of her and other Finance staff complaints against United Way; Smyer's investigation of her and other's complaints; bonus and compensation information; knowledge of Finance department conditions, management and treatment of staff; knowledge of who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **J. Scott Spiker (Prior United Way Board Chair)**<br>1 Firstcomm Plaza<br>Fort Worth, TX 76109<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of M. Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including M. Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; 457 Rabbi Trust; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails by McKinney and retaliation tweet by Smyers; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Victoria Walton (Prior Executive Assistant at United Way)**<br><br>8400 Estandarte Ct<br>Benbrook, TX 76126<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; knowledge of Sherrod's qualifications, work performance, and management skills; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; board bylaws, policies, procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Department; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Beth Watson (VP, Human Resources at United Way- replaced Coneisha Sherrod)**<br><br>1500 N. Main St., Ste. 200<br>Fort Worth, TX  76164<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; discrimination and retaliation; United Way policy and procedures; board bylaws, policies, procedures; best practices; Sherrod's work performance and lack of insubordination; complaints made and investigated, including Marilyn Jones's complaints and those in the Finance Department; treatment of employees by board members and executives; communications with executives; reorganization. | | |
| **Julie Wilson (Prior Board Chair)**<br><br>1300 Summit Ave, Ste 750<br>Fort Worth, TX 76102<br><br>Expected Duration: 30 minutes<br><br>Witness's background, position, and relationship to United Way; best practices; knowledge of Sherrod's qualifications, work performance, and management skills; internet, emails, and document storage; Sherrod's treatment and relationship with other employees including executives; Sherrod's willingness to attend and not avoid meetings with executives, including executives or board members who may be hostile; pattern of United Way of discrimination and retaliation; United Way of Tarrant County history and background; United Way policy and procedures; discrimination and retaliation against Jones; resolution of Jones's complaints; Sherrod's work performance and lack of insubordination; complaints made and investigated, including | | |

| Name, Address, Expected Duration, And Subject Matter of Testimony | Sworn | Testified |
|---|---|---|
| Marilyn Jones's complaints and those in the Finance Department; hiring process of the CDO/COO, bonus, and CEO replacement position; salary freeze; communications with donors; financial condition of United Way, including rise and decline in giving and budget issues; net worth of United Way; Form 990's; 457 Rabbi Trust; United Way policy and procedures; best practices; board meetings and committee meetings; retirement savings compliance issues; treatment of employees by board members and executives; communications with Sherrod and executives; the qualification and performance of the person who replaced Sherrod, including race; discrimination and retaliation by United Way against Sherrod; statements by Smyers, including knowledge of Sherrod's claim and Smyer's tendency to misrepresent meeting cancellations; statements by Beverly Boyd about her claim and agreeing to stay with United Way; racial emails sent by McKinney; treatment of employees who were not terminated but who had performance issues and violations of policy, procedure, and law similar to or worse than the alleged conduct of Sherrod; the hostile work environment; and mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, and inconvenience of employees, including Sherrod. | | |
| **Expert Witnesses** | | |
| **Tina C. Page (Expert HR Witness)** 1651 Bonham Parkway Lantana, TX 76226 Expected Duration: 1 hour Subjects and contents of her expert report. Statistics related to workplace retaliation; Human Resources and investigation best practices; risks and consequences of not following Human Resources best practices. | | |
| **Record Custodians** | | |
| **Michael Price (Prior Chief Information Officer at United Way)** PO Box 25053 Fort Worth, TX  76124 Expected Duration: 15 minutes | | |

Plaintiff reserves the right to call any witnesses listed by Defendant. Plaintiff also reserves the right to call additional witnesses in rebuttal. Plaintiff further reserves the right to supplement this list.

Respectfully submitted,

By:   /s/   Brian P. Sanford
        Brian P. Sanford
        Texas Bar No. 17630700
        David B. Norris
        Texas Bar No. 24060934

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

**ATTORNEYS FOR PLAINTIFF
CONEISHA SHERROD**

## CERTIFICATE OF SERVICE

On November 15, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian P. Sanford

*Plaintiff's Trial Witness List*                                                          *Page 27*