IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONEISHA L. SHERROD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:17:cv-00758-O |
| | § | |
| UNITED WAY OF TARRANT COUNTY, | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S TRIAL BRIEF ON
RELEVANCE OF POLICIES AND PROCESSES

TO THE HONORABLE REED O'CONNOR:

Plaintiff Coneisha L. Sherrod submits this trial brief on the probative value of human resource policies, processes, and protocols for proving discrimination and retaliation claims.

1. **Failure to follow policies is evidence of a prima facie case of retaliation.**

An "employer's departure from typical policies and procedures" may be evidence supporting a prima facie case of retaliation. *Feist v. La., Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). *See Schroeder v. Greater New Orleans Fed. Credit Union*, 664 F.3d 1016, 1024 (5th Cir. 2011) (that defendant followed no policy in demoting or terminating plaintiff, cutting her pay, and receiving her complaints cuts in plaintiff's favor). Conversely, a prima facie causal connection is not satisfied where there was strong evidence that the employer

followed detailed policy in disciplining an employee, gave her several warnings to correct her missteps, and repeatedly accommodated her complaints. *See DeHart v. Baker Hughes Oilfield Operations, Inc.,* 214 Fed. Appx. 437, 442 (5th Cir. 2007).[1] United Way's failure to follow policies and processes is some evidence of retaliation.

## 2. Failure to follow policies is evidence of pretext.

The failure to follow internal company policy raises an inference that an employer's alleged legitimate reason is pretext. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 354 n.29 (5th Cir. 2005) ("Although PB Power correctly notes that its policy is not mandatory, and that Machinchick was an at-will employee, these facts do not eliminate the inference of pretext raised by its failure to follow an internal company policy specifically stating that it should be 'followed in most circumstances.'"); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 224 (5th Cir. 2000) (reversing grant of employer's motion for judgment as matter of law based in part on evidence that employer had not followed its own corrective action plan by its own internal procedures); *Pruitt v. Dallas Indep. Sch. Dist.*, No. 3-04-CV-0554-D, 2006 WL 1359909, at *7 (N.D. Tex. May 16, 2006) (a defendant ignoring its own investigation procedures considered for pretext); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 237, 239-40 (5th Cir. 2015) (although employer had a policy of documenting performance problems, it was lackadaisical about it until after

---

[1] In a case with fact similar to Ms. Sherrod's case, the Court found a causal link where the terminated employee "was a long-tenured employee with no disciplinary history prior to 2005 who was subjected not only to termination shortly following the EEOC complaint but also to suspicious new charges of wrongdoing for arguably minor incidents following that complaint." *Smith v. Xerox Corp.*, 371 Fed. Appx. 514, 520 (5th Cir. 2010).

learning of plaintiff's impairment, when it began soliciting documentation from plaintiff's supervisors); *Lyons v. Tex. Dep't of Criminal Justice,* 581 F. App'x 445, 447–48 (5th Cir. 2014) (Title VII) ("An employer's selective application of a facially neutral policy is evidence of pretext . . . [and] an inference of pretext may be drawn based on evidence that an employer's relevant rules and standards 'were not consistently applied.'"); *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 623–24 (5th Cir. 2009) (employer did not follow progressive discipline, and although another employee was fired for medical misrepresentations, no one was summarily fired in circumstances similar to the plaintiff's). *But see Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (failure to follow its own policy is not probative of discrimination in Title VII case, in absence of proof that plaintiff was treated differently than others outside the protected class). Ms. Sherrod has evidence that she and others were treated differently than persons who were not African-American or who had not engaged in protected activity. United Way's failure to follow policies and processes is evidence of pretext.

**3.     Failure to follow policies is probative of discriminatory intent.**

An employer's failure to follow its own policies may be probative of discriminatory intent. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 336 (5th Cir. 2005). *See also, Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977) (Departures from the normal procedural sequence might afford evidence that improper purposes are playing a role in racially discriminatory

zoning). United Way's departure from it own policies is probative of its discriminatory intent.

4. **Standard of care is relevant because negligence is relevant.**

Negligence may be a basis for liability for an employer who disregards a supervisor's discrimination. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 810 (1998). (the employer's knowledge and inaction may be seen as demonstrable negligence as if authorized affirmatively as the employer's policy.). *See Sharp v. City of Houston*, 164 F.3d 923, 930 (5th Cir. 1999) ("If the harassment complained of is so open and pervasive that the employer should have known of it, had it but opened its corporate eyes, it is unreasonable not to have done so, and there is constructive notice;" and "the existence and effectiveness of an anti-harassment policy may be relevant in determining whether the employer should have known about the hostile environment."); *Williamson v. City of Houston, Tex.*, 148 F.3d 462, 466 (5th Cir. 1998) (An important consideration is whether notice was given to those with authority to address the problem). United Way's policies and procedures are relevant to knowledge of wrongdoing and neglect to prevent a discriminatory or retaliatory violation.

5. **United Way references its policies as part of its defense.**

United Way pleads as a defense:

> If any improper, illegal, or discriminatory acts were taken by any employee of UWTC against Plaintiff, which UWTC expressly denies, these intervening, independent, and unforeseeable acts were outside the course and scope of that employee's employment, contrary to UWTC's policies, and were not ratified, confirmed, or approved by

UWTC. Thus, any such actions may not be attributed or imputed to UWTC.

(ECF No. 21, ¶ 144).

Additionally, United way pleads:

UWTC has in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Some or all of Plaintiff's claims are barred because she unreasonably failed to avail herself of the preventive or corrective opportunities provided by UWTC, or to avoid harm otherwise.

(ECF No. 21, ¶ 152). United Way's policies and processes are relevant to defendant's claims that it is not liable.

WHEREFORE, Plaintiff Coneisha Sherrod requests the Court to allow the admission of evidence related to human resource policies, processes, and practices at trial.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
David B. Norris
Texas Bar No. 24060934
dnorris@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF CONEISHA SHERROD**

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

                                                                  */s/ Brian P. Sanford*